# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELLE RASCOE and RASCOE COURTS, INC.,** | : | **CIVIL ACTION NO. 1:15-CV-994** |
| | : | |
| | : | **(Chief Judge Conner)** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SUSQUEHANNA TOWNSHIP, NEIL CODY, in his individual capacity only, and GEORGE DREES, in his individual and official capacity,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 2nd day of July, 2018, upon consideration of the report (Doc. 56) of Magistrate Judge William I. Arbuckle, recommending that the court grant defendants' motions (Docs. 48, 49) brought pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss plaintiffs' third amended complaint (Doc. 42) with prejudice as barred by the applicable statute of limitations,[1] and the court noting that plaintiffs filed an objection (Doc. 38) to the report, see FED. R. CIV. P. 72(b), and, following a *de novo* review of the contested portions of the report, see Behar v. Pa. Dep't of Transp., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989)), and applying a clear error standard of review to the uncontested portions, see Cruz v. Chater, 990 F. Supp. 375, 376-78 (M.D. Pa. 1999), the court finding Judge Arbuckle's analysis

---

[1] The court dismissed plaintiffs' second amended complaint (Doc. 1) as barred by the applicable statute of limitations, but granted plaintiffs leave to amend to state facts in support of their equitable tolling argument. (See Doc. 41).

to be thorough, well-reasoned, and fully supported by the record, and further finding plaintiffs' objection to be without merit and squarely addressed by the report,[2] it is hereby ORDERED that:

1. The report (Doc. 56) of Magistrate Judge Arbuckle is ADOPTED.

2. Defendants' motions (Docs. 48, 49) to dismiss are GRANTED.

3. Plaintiffs' third amended complaint (Doc. 20) is DISMISSED with prejudice.

4. The Clerk of Court is directed to CLOSE this case.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] Plaintiffs remonstrate that Magistrate Judge Arbuckle errs by holding plaintiffs to too-high a standard with respect to establishing the diligence and extraordinary circumstances requisite for equitable tolling. (See Doc. 57 at 6-13). *Per contra*, Judge Arbuckle applied the "reasonable diligence" standard articulated by the Supreme Court of the United States and properly measured (and carefully contrasted) plaintiffs' pleading against fact patterns that have warranted equitable tolling in the past. (See Doc. 56 at 20-24). To the extent Judge Arbuckle highlighted examples of what plaintiffs could have—but did not—aver, (Doc. 56 at 21, 22-23; see also Doc. 57 at 9), he did so not to heighten the existing standard but to underscore the dearth of *allegata* supporting tolling *sub judice*.